# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | ) Case No. 06 C 6440 <br> ) <br> ) |
| 1452-4 N. MILWAUKEE AVENUE, LLC, GREAT CENTRAL INSURANCE COMPANY as subrogee of THOMAS TUNNEY ENTERPRISES, LTD. d/b/a ANN SATHER RESTAURANT, COSMOPOLITAN NATIONAL BANK TRUST #28383, ANTHONY MIGNANO, ANGELA MIGNANO, and BADGER MUTUAL INSURANCE COMPANY as subrogee of ANTHONY MIGNANO, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Nautilus Insurance Company ("Nautilus") has sued 1452-54 N. Milwaukee Ave., LLC ("1452 LLC"), Great Central Insurance Company ("Great Central") as subrogee of Thomas Tunney Enterprises, Ltd. d/b/a Ann Sather Restaurant, Cosmopolitan National Bank Trust #28383 ("Cosmopolitan"), Anthony Mignano, Angela Mignano, and Badger Mutual Insurance Company ("Badger Mutual") as subrogee of Anthony Mignano, seeking a declaratory judgment that Nautilus has no duty to defend or indemnify its insured 1452 LLC in connection with lawsuits against 1452 LLC brought by Great

Central, Badger Mutual, and Cosmopolitan, each of whom has an interest in the property adjoining 1452-54 N. Milwaukee Ave. The Court has jurisdiction based on diversity of citizenship.

1452 LLC and Great Central have moved to dismiss Nautilus's duty to defend claim for failure to state a claim, and Badger Mutual has moved for judgment on the pleadings on that same claim. For the reasons stated below, the Court grants the defendants' motions.

**Facts**

1452 LLC purchased a comprehensive general liability insurance policy from Nautilus covering the 1452-54 N. Milwaukee Ave. property from November 24, 2004 to November 24, 2005. The 1452-54 property was "a commercial building and lot, both being vacant" that 1452 LLC "intend[ed] to demolish and develop eventually." Compl., Ex. D at 51. Under its "contractors and subcontractors" exclusion, the policy did not cover damages "arising out of operations performed for [1452 LLC] by contractors or subcontractors [1452 LLC] hire[d] or [1452 LLC's] acts or omissions in connection with [1452 LLC's] general supervision of such operations." *Id.* at 36. Under its "classification limitation" exclusion, the policy did not cover damages caused by "operations that are not classified or shown on the Declarations, its endorsements or supplements." *Id.* The declarations, endorsements, and supplements refer to 1452 LLC's business as a "Building or Premises – bank or office – mercantile or mfg (lessors' risk only) –NFP" and a "Vacant building" (*id.* at 50), and "Vacant land – NFP," and they describe its operations as including demolition of the building. *Id.* at 11, 50, 51-52.

According to Cosmopolitan, Great Central, and Badger Mutual in the underlying lawsuits, prior to September 29, 2005, 1452 LLC hired CK Development, Inc. as the

general contractor and Frank Kam as the project manager for construction, shoring, and excavation work on the 1452-54 property. In the underlying complaints, defendants allege that they did not receive any written notice of the construction or excavation plans for the 1452-54 property at any time prior to September 29, 2005. They also allege that on September 29, 2005, the excavation activities at 1452-54 N. Milwaukee Ave. caused the adjacent building at 1448 N. Milwaukee Ave to collapse, ultimately requiring its demolition.

On December 11, 2006, Nautilus filed this suit, seeking a declaratory judgment that it had no duty to defend or indemnify 1452 LLC because the Policy does not actually or potentially cover any portion of the claims in the underlying Great Central, Cosmopolitan, or Badger Mutual complaints. According to Nautilus, any and all property damage to 1448 N. Milwaukee is excluded from coverage because it arose out of 1452 LLC's contractors' and subcontractors' operations or 1452 LLC's general supervision of these operations and/or because it is not covered under the classification limitation exclusion. On April 10, 2007, 1452 LLC and Great Central moved to dismiss Nautilus's duty to defend claim, and Badger Mutual moved for judgment on the pleadings on the same claim. They argue that Nautilus has a duty to defend 1452 LLC in the underlying cases because at least some of the claims in those cases fall within the policy's coverage.

## Discussion

The Court will treat all these defendants' motions as seeking judgment on the pleadings on the duty to defend claim. As Nautilus points out, "[a]ll of these motions involve substantially the same issues." Pl.'s Resp. at 2. *See generally Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 1986) (allowing courts to treat a

3

motion filed by one party as applying to other similarly situated parties, if opposing party had an adequate opportunity to respond). As discussed below, there is no genuine issue of material fact with regard to the duty to defend claim.

With regard to an insurer's duties to defend and indemnify under Illinois law, it is well established that the "former arises 'even if the facts alleged in the underlying complaint fall *potentially* within the policy's coverage,' whereas the latter only arises 'if the facts alleged *actually* fall within coverage.'" *Sokol & Co. v. Atl. Mut. Ins. Co.*, 430 F.3d 417, 421 (7th Cir. 2005) (emphasis added) (quoting *Crum & Forster Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 398, 620 N.E.2d 1073, 1081 (1993)). Under Illinois law, Nautilus has a duty to defend 1452 LLC in cases where "any portion of the [underlying] complaint falls within the terms of the policy." *Pipefitters Welfare Educ. Fund v. Westchester Fire Ins. Co.*, 976 F.2d 1037, 1040 (7th Cir. 1992) (citing *Maryland Cas. Co. v. Peppers*, 64 Ill. 2d 187, 193, 355 N.E.2d 24, 28 (1976)). In order not to provide a defense, Nautilus bears the "burden of proving that a claim falls within an exclusion" to 1452 LLC's comprehensive general liability policy. *Hurst-Rosche Eng'rs v. Commercial Union Ins. Co.*, 51 F.3d 1336, 1342 (7th Cir. 1995). Because the claim arising from the alleged lack of notice of excavation is not within the policy's exclusions, the Court need not deal with the other issues raised by the parties.

In the underlying complaints, the defendants allege that 1452 LLC violated the Illinois Adjacent Landowner's Excavation Protection Act, 765 ILCS 140/1 ("the Act"). The Act states that "[a]ny owner . . . of land intending to make or to permit an excavation . . . shall give due and reasonable notice in writing to the owner or owners of adjoining lands and of adjoining buildings" and that without such notice, the owner "is liable to the owner of adjacent property for any damage to the land or to any buildings . . . thereon

arising from such excavation." 765 ILCS 140/1. According to the underlying complaints, 1452 LLC did not provide written notice in violation of the Act, making 1452 LLC liable for the damages following from the excavation of 1452-54 N. Milwaukee Ave. Though the alleged damage to the property was occasioned by 1452 LLC's contractors' operations, if 1452 LLC violated the Act, it breached a duty that it owed neighboring owners directly, making it liable based on its own conduct, not that of contractors or subcontractors. The alleged notice violation could not have "aris[en] out of operations performed for [1452 LLC] by contractors or subcontractors" because 1452 LLC had a duty to provide notice *before* contractors or subcontractors did any excavation at all. Because the failure to provide notice in violation of the Act preceded the contractors' work, a claim under the Act, which is contained in each of the underlying complaints, cannot fall within the insurance policy's contractors and subcontractors exclusion.

In addition, those particular underlying claims do not fall within the policy's classification limitation exclusion. The exclusion states that the policy does not cover damages caused by "operations that are not classified or shown on the Declarations, its endorsements or supplements." Compl., Ex. D at 36. The declarations, endorsements, and/or supplements refer to 1452 LLC's business as "vacant land" and "vacant building," *id.* at 11, 50, and an endorsement or supplement specifically states, under the heading "Nature of Business / Description of Operations," that 1452 LLC "intends to demolish [the building] . . . eventually." *Id.* at 51.

Nautilus argues that because there is "an issue of material fact [] as to whether the building . . . was [] vacant," the Court cannot rule in defendants' favor. Pl.'s Resp. at 11. The Court disagrees. As indicated earlier, a supplemental schedule to the policy includes

5

demolition and development in the "Description of Operations" of the insured, and it contemplates "structural alterations" and "demolition exposure." *Id.* at 51-52.

It contradicts the policy's language to argue, as Nautilus has, that the land was not vacant because the insured building was on it and that the building was not vacant because "it is possible that some personal property was in the building or that 1452 Owner was using the building in some capacity." Pl.'s Resp. at 11. The building was vacant enough for its owner to demolish it, which appears to be precisely the kind of operation for which 1452 LLC sought insurance.

Nautilus must prove that 1452 LLC unambiguously falls within the claimed exclusion. *Hurst-Rosche Eng'rs*, 51 F.3d at 1342 (7th Cir. 1995). Nautilus cannot meet that burden. 1452 LLC clearly sought to insure its operations on the vacant lot and building, including demolition. The suggestion that the insured building and lot were insufficiently vacant for the policy to cover the demolition and excavation ignores the respective parties' intentions to obtain and provide coverage for those very operations. If Nautilus intended to exclude these operations, as insurer it had to make that clear. *Id.* Accordingly, the classification limitation exclusion does not relieve Nautilus of its duty to defend 1452 LLC in the underlying suits.

Nautilus's claim regarding the duty to indemnify is unripe until the underlying lawsuits are adjudicated. *See*, *e.g.*, *Nationwide Ins. Co. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995) ("The duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit"); *Grinnell Mutual Reins. Co. v. Reinke*, 43 F.3d 1152, 1154 (7th Cir. 1995) ("The duty to indemnify is unripe until the insured has been held liable"); *Travelers Ins. Cos. v. Penda Corp.*, 974 F.2d 823, 833 (7th Cir. 1992) ("The determination of whether [an insurer] has a duty to indemnify is not ripe until the

underlying litigation is terminated"). For that reason, the Court proposes to dismiss as unripe Nautilus's claim for a declaratory judgment. This will allow Nautilus, if it wishes, to appeal the Court's decision on the duty to defend claim and to refile the duty to indemnify claim if and when it becomes ripe for determination.

## Conclusion

For the reasons stated above, the Court grants defendants' motions to dismiss and motion for judgment on the pleadings with regard to Nautilus's duty to defend claim [docket nos. 26, 30, 31]. The case is set for a status hearing on August 9, 2007 at 9:30 a.m. to address the disposition of the duty to indemnify claim.

 _____
 MATTHEW F. KENNELLY
 United States District Judge

Date: August 1, 2007